**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4270**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEAUNDRE JAMAL WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:23-cr-00275-FL-1)

Submitted:  February 28, 2025                                      Decided:  June 30, 2025

Before AGEE and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Richard Croutharmel, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Lucy Partain Brown, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deaundre Jamal Washington pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced Washington to 100 months' imprisonment after finding that the 18 U.S.C. § 3553(a) factors warranted an upward variance from the advisory Sentencing Guidelines range. Washington appeals, arguing that his sentence is procedurally and substantively unreasonable. Finding no error, we affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Nance*, 957 F.3d at 212. If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.*

We are satisfied that Washington's sentence is procedurally reasonable. Washington first contends that the district court procedurally erred by failing to explain the inadequacies of his criminal history category, asserting that the court upwardly departed from his existing criminal history category, citing U.S. Sentencing Guidelines Manual § 4A1.3 (2023). However, the district court applied an upward variance pursuant to § 3553(a), and, accordingly, was not required to specifically explain why Washington's

2

criminal history category was inadequately scored in the presentence report, as the court would if it were imposing an upward departure. *Cf. United States v. McNeil*, 598 F. 3d 161, 166-67 (4th Cir. 2010) (discussing procedure when district court applies upward departure under Guidelines). Washington also argued that the court relied on erroneous factual findings, specifically that: (1) his girlfriend, J.D.N. was able to "pull the trigger" in her suicide because Washington possessed the gun in their home; and (2) J.D.N. knew of the gun's presence because Washington brandished it two days earlier at a party. We conclude that the challenged facts were supported by the record and no clear or plain error occurred.

Next, Washington argues that the district court imposed a substantively unreasonable sentence. In reviewing an upward variance sentence for substantive reasonableness, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014). We afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted). The ultimate inquiry is whether, considering the totality of the circumstances, the district court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

"Where, as here, the district court imposes a sentence outside of the Guidelines range, [we] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019). "The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Tucker*, 473 F.3d 556, 561 (4th Cir. 2007) (internal quotation marks omitted). "[T]he district court's justification for the sentence must support the degree of the variance, and a major departure should be supported by a more significant justification than a minor one . . . ." *United States v. Diosdado-Star*, 630 F.3d 359, 366 (4th Cir. 2011) (cleaned up).

Washington relies on *Tucker* to argue that the district court erred by failing to give a sufficient explanation for the variance sentence. However, the district court's variance 75% above the Guidelines range does not approach the degree of variance in *Tucker*, which involved a sentence 480% above the Guidelines range, so the degree of explanation did not need to be as expansive as we directed in *Tucker*. *See Diosdado-Star*, 630 F.3d at 366. Moreover, the court here "carefully and thoroughly applied the prescribed sentencing factors to the facts of the case, and it adequately explained the chosen sentence." *United States v. Evans*, 526 F.3d 155, 163 (4th Cir. 2008) (internal quotation marks omitted) (finding a 300% increase substantively reasonable).

The district court, after considering the statutory factors and advisory Guidelines range of 46 to 57 months' imprisonment, determined that a 100-month sentence was appropriate. The court thoroughly explained the reasons for this decision, citing the nature and circumstances surrounding the offense of conviction. The court also discussed

4

Washington's criminal history, noting that the court had previously sentenced Washington for another felon in possession of a firearm offense in 2022. The court reasoned that the previous sentence failed to bring Washington into compliance with the law and thus a lengthier term of imprisonment was necessary.

Based on these factors, the district court concluded that Washington was a dangerous individual with a high risk of recidivism who was not deterred from criminal conduct by a prior sentence for the same offense. The court determined that the public needed to be protected from Washington and that the sentence needed to promote respect for the law. Thus, the totality of the circumstances demonstrated that the 100-month sentence was sufficient but not greater than necessary to serve the statutory sentencing purposes. Based on the factors identified by the district court, we conclude that the sentence is substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*